UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE APPLICATION OF PUROLITE FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING,<br><br>Petitioner. | )<br>)<br>)  Civil Action No. 3:16-mc-00056-JMC<br>)<br>)<br>)  **ORDER AND OPINION GRANTING**<br>)  **§ 1782 PETITION**<br>)<br>)<br>) |

This matter is before the court on Petitioner Purolite Corporation's ("Purolite") Application and Petition for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (the "Petition") against Respondent Avantech, Inc. ("Avantech").[1] (ECF No. 1.)  Even though Purolite asserts that it served a copy of the Petition on Avantech (ECF Nos. 4, 4-1, 4-2 & 4-3), Avantech has not filed any responsive documents.  For the reasons set forth below, the court **GRANTS** the Petition.

## I.     RELEVANT BACKGROUND TO PETITION

"Purolite is a U.S. corporation headquartered in Pennsylvania."  (ECF No. 1-1 at 3.) Purolite alleges that it is "one of the leading companies in [the] world in the ion-exchange resin market[]" and "has extensive experience in designing processes for the purification of radioactive water using its proprietary and specialized ion-exchange technology."  (ECF No. 1 at 2 ¶ 4 (quoting ECF No. 1-2 at 2 ¶ 5).)  Purolite further alleges that a Japanese based company, Hitachi-GE Nuclear Energy, Ltd. ("HGNE"), "specializes in the design, installation and maintenance of nuclear reactor facilities, and is currently engaged in large-scale remediation work at the Fukushima Daiichi Nuclear Power Station ("Fukushima"), including the

---

[1] Purolite seeks discovery pursuant to 2 subpoenas.  (ECF No. 1-4 at 3–30.)  The first subpoena requests production of documents and materials and the second subpoena seeks a deposition under Fed. R. Civ. P. 30(b)(6).  (ECF No. 1-4 at 3–30.)

1

decontamination of the radioactive water that resulted from the earthquake disaster in Japan in March of 2011." (Id. at 2–3 ¶ 5 (quoting (ECF No. 1-2 at 2 ¶ 6).) Purolite's subsidiary and HGNE are currently engaged in litigation pending before a foreign tribunal in Tokyo, Japan and bearing the caption Purolite AG v. Hitachi-GE Nuclear Energy, Ltd., Case No. Heisei 26th Year (WA) No. 294.90, Tokyo Dist. Ct., Civil Division, Section 46-D.[2] (Id. at 1 ¶ 2 (referencing ECF No. 1-2 at 1 ¶ 2).) Purolite claims that HGNE is "illegally and improperly utilizing Purolite's confidential, proprietary and trade secret processes and information in connection with HGNE's on-going, extensive decontamination and remediation work at Fukushima." (Id. at 3 ¶ 7.)

As it relates to the Petition, Purolite asserts that "Avantech is a U.S. corporation located in South Carolina that engineers, manufactures, and services industrial water treatment equipment." (ECF No. 1-3 at 5 ¶ 13.) Purolite further asserts that "Avantech has been supplying, and continues to supply, equipment to HGNE in connection with HGNE's ongoing work at Fukushima, including specific vessels, materials and other equipment, all arranged as part of an overall decontamination system to treat radioactive seawater." (Id. at 6 ¶ 14.) Purolite seeks discovery from Avantech, HGNE's principal supplier, under 28 U.S.C. § 1782 because Purolite believes Avantech has information relevant to the Japanese action. (Id. (referencing ECF No. 1-4 at 3–30).)

## II.     LEGAL STANDARD AND ANALYSIS

28 U.S.C. § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .The order may be made . . . upon the application of any interested person and may direct that the

---

[2] "Purolite is the parent company of its Switzerland-based subsidiary, Purolite AG, the plaintiff in the Japanese Action." (ECF No. 1-1 at 3.)

2

>testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

Id. A district court is authorized to grant a § 1782 application where (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or an interested person. In re: Finserve Grp. Ltd., C/A No. 4:11-mc-2044-RBH, 2011 WL 5024264, at *1 (D.S.C. Oct. 20, 2011) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004)). As soon as these "statutory requirements are met, a district court is free to grant discovery in its discretion." Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83–84 (2d Cir. 2012) (citation omitted).

However, in using its discretion to determine what discovery, if any, should be permitted pursuant to a § 1782 request, a district court may also consider: (1) whether the respondent from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to US court assistance; (3) whether the § 1782 request is an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the discovery sought is unduly intrusive or burdensome. Intel Corp., 542 U.S. at 264. Moreover, "orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, . . . ." In re: Ex Parte Application Varian Med. Sys. Int'l AG, Case No. 16-mc-80048-MEJ, 2016 WL 1161568, at * 2 (N.D. Cal. Mar. 24, 2016) (citation omitted).

Upon review, the court finds that Purolite satisfies the statutory factors for granting discovery under § 1782. First, Purolite seeks discovery "from a person residing in the district

3

court to which the application is made" because Avantech is headquartered in Columbia, South Carolina and is located within the court's jurisdiction in the District of South Carolina. AVANTech, Inc., http://www.avantechinc.com/contact.php (last visited Apr. 4, 2016).  Second, Purolite seeks the discovery "for use in a proceeding before a foreign tribunal" because the requested discovery is for use in Purolite AG v. Hitachi-GE Nuclear Energy, Ltd., a matter currently pending in the Tokyo District Court in Tokyo, Japan.  (ECF No, 1-2 at 6-72.)  Third, and finally, Purolite qualifies as an "interested person" because its subsidiary is a participant in the foreign proceeding.  See Intel Corp., 542 U.S. at 256.  Accordingly, the court is authorized to allow Purolite to serve discovery on Avantech pursuant to § 1782.

As to the discretionary factors identified in Intel Corp., the court finds that only the fourth factor (i.e., whether the discovery is "unduly intrusive or burdensome") could possibly weigh against granting the Petition.[3]  Intel Corp., 542 U.S. at 265.  However, at this time, the only information before the court comes from Purolite.  As a result, the court does not have any information before it to conclude that Purolite's requested discovery is unduly intrusive as to Avantech.  Therefore, under the current circumstances, the Intel Corp. factors weigh in favor of Purolite's request.[4]

### III.     CONCLUSION

For the foregoing reasons, the court exercises its discretion and **GRANTS** Purolite Corporation's Application and Petition for an Order Pursuant to 28 U.S.C. § 1782 to Conduct

---

[3] The court observes that Avantech is not a party to the foreign proceeding so the first Intel Corp. factor weighs in Purolite's favor.  As to the second factor, there is no evidence indicating that the Japanese courts would not be receptive to § 1782 discovery.  Finally, the third factor weighs in Purolite's favor because Purolite is seeking discovery from a corporation based in South Carolina, where the requested information would be held.

[4] If Avantech wants to challenge the intrusiveness or burdensomeness of Purolite's discovery, Avantech is not precluded from bringing a motion to quash or modify the subpoena.

4

Discovery for Use in a Foreign Proceeding. (ECF No. 1.) Purolite may obtain the requested discovery by serving the subpoenas attached to its Petition (ECF No. 1-4 at 3-30) without prejudice to any motion to quash that Avantech or any other appropriate party may wish to file.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 4, 2016
Columbia, South Carolina

5